# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

SCOTT A. OLSON and TERESA
OLSON,

           **Debtors.**

**Bankruptcy Case
No. 05-40733**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

       Paula Brown Sinclair, Twin Falls, Idaho, Attorney for Debtors.

       Richard J. Hayden, Spokane, Washington, Attorney for Creditor U.S.
Bank.

       L. D. Fitzgerald, Pocatello, Idaho, Chapter 13 Trustee.

       The Chapter 13 Debtors' contend their confirmed plan stripped the

lien U.S. Bank held against their home.  When the Chapter 13 Trustee objected to

payment of the bank's secured claim under the plan, U.S. Bank filed a motion to

set aside the confirmation order.  Because service of the debtors' plan on U.S.

Bank was defective, the Court concludes U.S. Bank's motion to set aside

MEMORANDUM OF DECISION - 1

confirmation should be granted, thereby rendering the Trustee's objection to the

bank's claim moot.  The following constitutes the Court's findings of fact and

conclusions of law.  Fed. R. Bankr. P. 7052; 9014.

## Procedural History

Debtors Scott and Teresa Olson filed for Chapter 13 relief on April

15, 2005.  Docket No. 1.  Their proposed plan contained the following language

regarding the treatment of the debt owed to U.S. Bank:

> *4.2.3 **Other Treatment of Long Term Secured
> Claims.**  The claims of U.S. Bank and Household
> Finance Account No. 400011-29-205855-8 may be
> secured by an interest in Debtors' residence, which
> interests are junior to Household Finance Account No.
> 400011-06-221832-2 described in Paragraph 5.1
> below.  The balance due on the note secured by the
> first deed of trust exceeds the value of the real property
> Debtors propose to strip the lien claims of U.S. Bank
> and Household Finance Account No. 400011-26-
> 205855-8, and render those claims unsecured upon
> confirmation of the Plan.

Chapter 13 Plan, Docket No. 6.  A copy of the Plan and the Notice of Hearing

concerning the confirmation hearing was served upon U.S. Bank by "depositing

copies of the same in the United States Mail, postage prepaid, and addressed to the

following: . . . Jerry A. Grundhoffer, CEO, U.S. Bank, 800 Nicollet Mall,

Minneapolis, MN 55402."  Certificate of Service, Docket No. 22.  When U.S.

MEMORANDUM OF DECISION - 2

Bank did not object to confirmation, the plan was confirmed by the Court's order entered on June 14, 2005.  Docket No. 24.

On June 20, 2005, U.S. Bank filed a secured proof of claim.  On August 4, 2005, L. D. Fitzgerald, the Chapter 13 Trustee, filed an Objection to U.S. Bank's claim contending that the confirmed plan had "stripped" U.S. Bank's lien, and therefore the claim should not be paid.  Docket No. 27.  On August 16, 2005, U.S. Bank responded to Trustee's objection.  Docket Nos. 29, 30.  U.S. Bank then filed its motion to set aside the order confirming the plan.  Docket No. 37.

U.S. Bank filed a declaration of a bank officer representing that the bank is a "federal depository institution per FRBP 7004(h)."  Decl. of Roger Brummett at 1, Docket No. 38.  U.S. Bank argues the plan was not properly served pursuant to Fed. R. Bankr. P. 7004(h), and as a result, the order confirming the plan should be set aside.  The Court agrees.

## Disposition

"To meet the requirements of the Rules and comply with considerations of due process, a Rule 3012 motion [to value a lien] (either within or without a plan) must be served on the affected creditors in accord with Rule 7004."  *In re Millspaugh*, 302 B.R. 90, 102 (Bankr. D. Idaho 2003).  "The litigant

MEMORANDUM OF DECISION - 3

attempting to effect service is responsible for proper service and bears the burden

of proof." *In re Christman*, 04.4 I.B.C.R. 165, 166 n. 31 (Bankr. D. Idaho 2004)

(quoting *Beneficial Cal. Inc. v. Villar* (*In re Villar*), 317 B.R. 88, 94 (9th Cir. BAP

2004)).

   Debtors' plan, read liberally, purports to strip U.S. Bank's lien on

Debtors' home because the value of the house is less than the amount owed on

debts with liens having priority to that of the bank.  *See* 11 U.S.C. § 506(d);

§ 1322(b)(2).  Debtors attempted to serve U.S. Bank in accordance with Fed. R.

Bankr. P. 7004(b)(3) by sending a copy of the plan and notice of the confirmation

hearing via first class mail addressed to U.S. Bank's chief executive officer.

Debtors argue that, regardless of whether U.S. Bank is an insured depository

institution, *Millspaugh* condones service on the bank in accordance with Rule

7004(b).

   The Court concludes *Millspaugh* can not be read as narrowly as

Debtors suggest because Rule 7004(b) itself requires compliance with Rule

7004(h).  The language of Rule 7004(b) begins with "[e]xcept as provided in

subdivision (h) . . . ."  Therefore, by its express terms, Rule 7004(b) only applies if

Rule 7004(h) does *not* apply.  Rule 7004(h), which establishes special notice

provisions for federally insured banks, provides:

MEMORANDUM OF DECISION - 4

> Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless—
>
> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first-class mail;
>
> (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first-class mail sent to an officer of the institution designated by the institution; or
>
> (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

The uncontradicted declaration of its officer indicates U.S. Bank is an insured depository institution entitled to service by certified mail under Rule 7004(h).

The creditor involved in *Millspaugh* was not an insured depository institution. Because of this, service on that creditor under Rule 7004(b) was appropriate. *Millspaugh*, 320 B.R. at 102. But the *Millspaugh* court notes that "if an 'insured depository institution' is involved, Rule 7004(h) requires service in the contested matter to be by certified mail addressed to an officer of the institution unless one of the three exceptions in Rule 7004(h) applies." *Id.* at 102 n. 25. Reading the Court's decision fairly, in order for confirmation of a plan to withstand collateral attack, *Millspaugh* requires service to be proper under Rule 7004. In this case, no argument or evidence is presented to show that U.S. Bank is

MEMORANDUM OF DECISION - 5

not an insured depository institution or that any of the exceptions listed in Rule

7004(h) apply to make service under Rule 7004(b) proper.

### Conclusion

Because Debtors' plan was not properly served on U.S. Bank in

accordance with Rule 7004(h), it did not receive proper notice of Debtors' attempt

to strip its lien on their home.  Therefore, the order confirming the Chapter 13 Plan

must be set aside.  Debtors shall schedule their Plan for a new confirmation

hearing.  A separate order will be entered.[1]

Dated:  November 9, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[1]  The Court expresses no opinion concerning U.S. Bank's other various
arguments in opposition to Debtors' plan.  These arguments may be addressed at the
confirmation hearing.  In addition, Debtors may, if they choose, amend their plan
provided proper notice thereof is given to interested parties, including U.S. Bank.

MEMORANDUM OF DECISION - 6